IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW E. ELLIS,<br><br>        Plaintiff,<br><br>v.<br><br>WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,<br><br>        Defendant. | 8:20CV226<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Woodmen of the World Life Insurance Society's ("Woodmen") Motion for Attorney's Fees, to Compel Arbitration, and to Stay, (Filing No. 6),[1] and Plaintiff Matthew Ellis's Motion to Remand (Filing No. 16). For the following reasons, Ellis's motion is granted in part and denied in part and Woodmen's motion is denied.

**I.    BACKGROUND**

Ellis is a licensed attorney and a citizen of Nebraska. Woodmen is a Fraternal Benefit Society with tax exempt status under 26 U.S.C. § 501(c)(8), organized under the laws of Nebraska with its principal place of business in Douglas County, Nebraska.

Ellis began his employment with Woodmen in 2006 as an entry level lawyer in Woodmen's internal legal department. In 2017, Ellis was appointed to the positions of

---

[1]Briefing on this motion was stayed by the Court on June 30, 2020, pending resolution of the motion to remand (Filing No. 20). Because the Court does not have subject-matter jurisdiction, the motion is denied without prejudice to reassertion in state court.

Executive Vice President, Secretary, and General Counsel. Ellis also served on the Board of Directors for Woodmen and three of its subsidiaries. Ellis served in these positions until his resignation on November 2, 2019. Ellis alleges he was constructively discharged from his positions with Woodmen because he refused to follow orders from Woodmen's CEO that he believed were in violation of the Internal Revenue Code ("IRC"), specifically 26 U.S.C. §§ 409A, 501(c)(8).

Ellis filed this action on May 15, 2020, in the District Court of Douglas County, Nebraska. He alleged three claims against Woodmen: (1) a wrongful-termination claim under the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1114, 48-1119(4); (2) a withheld-payment claim under the Nebraska Wage Payment & Collection Act, Neb. Rev. Stat. § 48-1128 *et seq.*; and (3) state tort claim for infliction of emotional distress. (Filing No. 1-1). On June 12, 2020, Woodmen removed the case (Filing No. 1) to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446. On June 26, 2020, Ellis filed the instant motion to remand due to lack of subject-matter jurisdiction.

II. DISCUSSION

    **A. Motion to Remand**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The allegations of a plaintiff's complaint determine whether a case was properly removed. "A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.*, 417

F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Defendants opposing remand bear the burden of establishing that federal subject-matter jurisdiction exists over the plaintiff's case. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Where, as in this case, removal is based on federal-question jurisdiction, the defendant must show that a claim within the plaintiff's complaint arises under federal law. If the defendant meets this burden, it may remove the entire case to federal court, including any alleged state-law claims arising from the same core of operative facts. *See* 28 U.S.C. § 1367; *Int'l Coll. of Surgeons*, 522 U.S. at 164; *Phipps*, 417 F.3d at 1010 (citing *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996)).

A case may arise under federal law in two ways. *Gunn*, 568 U.S. at 257. Most frequently, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). However, there exists a second "'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In this category, "federal question jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

It is uncontested that Ellis's causes of action are all created by state law. Woodmen, however, argues that the factors established in *Grable* and *Gunn* permit them to remove this case to this Court. The Court need not decide whether the federal issue here is necessarily raised or actually disputed because it is not substantial nor is it capable of resolution in federal court without disrupting the balance approved by Congress.

### 1. Substantial

In analyzing whether the issue is "substantial" for purposes of this limited category of federal-question jurisdiction, courts look not to whether the issue is important to the litigants, but whether it is important to the federal system as a whole. *Gunn*, 568 U.S. at 260. For example, in *Grable*, the resolution of the state claim required an interpretation of federal notice requirements which had the potential to directly impact the Internal Revenue Service's ability to recover delinquent taxes through the seizure and sale of property. 545 U.S. at 312. Likewise, in *Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180 (1921), referred to in *Grable,* 545 U.S. at 312, as "'[t]he classic example' of a state claim arising under federal law," the state claim rested upon a determination of the constitutionality of an act of Congress. 255 U.S. at 201.

In *Gunn*, the resolution of the federal issue was not substantial. 568 U.S. at 261. The state legal-malpractice claim required the trial court to resolve a hypothetical "case within a case": "*If* Minton's lawyers had raised a timely experimental-use argument, would the result in the patent infringement proceeding have been different?" *Id.* (emphasis in original). The federal issue was not substantial because the state court's resolution of the patent issue would not affect the prior federal patent litigation, would not undermine the

development of a uniform body of patent law, and would not create any binding precedent for federal courts resolving these claims in the future. *Id.* at 261-62.

Here, the federal issue is more akin to that in *Gunn*. Ellis claims that he was wrongfully terminated in violation of NFEPA. NFEPA makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because he or she . . . has opposed any practice or refused to carry out any action unlawful under federal law." Neb. Rev. Stat. § 48-1114. Ellis alleges that he was constructively discharged for refusing to follow orders he believed to be in violation of the IRC.

Under NFEPA, an employee is protected "from employer retaliation for his or her opposition to an act of the employer only when the employee reasonably and in good faith believes the act to be unlawful." *Wolfe v. Becton Dickinson & Co.*, 662 N.W.2d 599, 605 (Neb. 2003). Whether Ellis reasonably believed Woodmen's actions were in violation of the IRC is not a substantial federal issue. It is true that "[i]n order for such a belief to be reasonable, the act believed to be unlawful must either in fact be unlawful or at least be of a type that is unlawful." *Oldfield v. Neb. Mach. Co.*, 894 N.W.2d 278, 294 (Neb. 2017) (citing *Wolfe*, 662 N.W.2d at 605). However, resolving Ellis's employment claims will not create any liability for Woodmen under the IRC and should a later suit be brought against Woodmen for such alleged violations, it would have a federal forum for the resolution of these new allegations.

A state court's resolution of the state-law claims will not undermine the development of a uniform body of law. Should there be any novel issues regarding the IRC in this case, "they will at some point be decided by a federal court in the context of an

5

actual [federal] case . . . ." *Gunn*, 568 U.S. at 262. "If the question arises frequently, it will soon be resolved within the federal system, laying to rest any contrary state court precedent; if it does not arise frequently, it is unlikely to implicate substantial federal interests." *Id.* In other words, this case is "'poles apart from *Grable*,' in which a state court's resolution of the federal question 'would be controlling in numerous other cases.'" *Id.* (quoting *Empire Healthchoice*, 547 U.S. at 700). Resolution of this issue is not important to the federal system as a whole.

### 2. Federal-State Balance

The "balance of federal and state judicial responsibilities" also requires remand of this case. *Gunn*, 568 U.S. at 264 (quoting *Grable*, 545 U.S. at 314). If federal courts had jurisdiction in cases such as this, they would effectively have exclusive jurisdiction over every case in which any federal law is referenced for the resolution of a state-law claim. *See Great Lakes Gas Transmission LP v. Essar Steel Minn. LLC*, 843 F.3d 325 (8th Cir. 2016) (finding no *Grable* federal-question jurisdiction over a breach of contract claim which necessarily raised federal issues). This would clearly disturb the federal-state balance intended by Congress.

The *Gunn* Court held that the balance intended by Congress was preserved by keeping matters of state law in state court, even when it requires answering a question of patent law, unless the question was of substantial importance to the federal system. 568 U.S. at 264-65.

The Eighth Circuit held likewise regarding the Natural Gas Act ("NGA") in *Great Lakes*. Therefore, resolving this case in federal court would disrupt the federal-state balance intended by Congress.

### B. Attorney Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Ellis attempts to describe himself as a private attorney general who has succeeded in vindicating his civil rights in order to apply a presumption in favor of awarding fees to such plaintiffs. The *Martin* Court stated this presumption does not necessarily apply when a plaintiff prevails on a motion to remand. *Id.* at 137 ("[T]he removal statute grants defendants a right to a federal forum. A remand is necessary if a defendant improperly asserts this right, but incorrectly invoking a federal right is not comparable to violating substantive federal law."). Here, the deficiencies of Woodmen's removal were not so unreasonable as to justify the award of attorney fees and costs. Accordingly,

IT IS ORDERED:

1. Plaintiff Matthew Ellis's Motion to Remand and for Attorney Fees (Filing No. 16) is granted in part and denied in part.

    a. The motion to remand is granted.

    b. The motion for attorney fees and costs is denied.

2. This case is hereby remanded to the District Court of Douglas County.

3. Defendant's Motion for Attorney Fees, to Compel Arbitration, and to Stay (Filing No. 6) is denied without prejudice to reassertion in state court.

4. The Clerk of Court is directed to send a certified copy of this Memorandum and Order to the Clerk of the District Court of Douglas County, and take all other steps necessary to effectuate this Memorandum and Order.

Dated this 19th day of October 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge